NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KEVIN REIDY (Cal. Bar No. 320583)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8536
    Facsimile: (213) 894-0141
    E-mail:   kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00170-CJC |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| BENJAMIN MEIR, | |
| Defendant. | **CURRENT TRIAL DATE:** 07/30/19<br>**PROPOSED TRIAL DATE:** 12/10/19 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin Reidy, and defendant BENJAMIN MEIR ("defendant"), both individually and by and through his counsel of record, Shaun Khojayan, hereby stipulate as follows:

    1.   The Indictment in this case was filed on March 22, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 12, 2019. The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before May 31, 2019.
3       2.   On April 1, 2019, the Court set a trial date of May 28,
4  2019, and a status conference date of May 20, 2019.
5       3.   Defendant is released on bond pending trial. The parties
6  estimate that the trial in this matter will last approximately two
7  days.
8       4.   This Court has previously continued the trial date in this
9  case from May 28, 2019, to July 30, 2019, and found the interim
10 period to be excluded in computing the time within which the trial
11 must commence, pursuant to the Speedy Trial Act.
12      5.   By this stipulation, defendant moves to continue the trial
13 date to December 10, 2019, and the status conference to November 29,
14 2019.  This is the second request for a continuance.
15      6.   Defendant requests the continuance based upon the following
16 facts, which the parties believe demonstrate good cause to support
17 the appropriate findings under the Speedy Trial Act:
18           a.   Defendant is charged with a violation of 21 U.S.C.
19 §§ 841(a)(1), (b)(1)(E)(i):  possession with intent to distribute
20 ketamine.  The government has produced discovery to the defense,
21 including approximately 250 pages of reports and approximately 175
22 photographs and videos.
23           b.   Defense counsel is presently scheduled to be in the
24 following trials: (1) United States v. Rodriguez, No. CR 18-00346-
25 DSF, a multi-defendant drug conspiracy trial scheduled to begin June
26 26, 2019; (2) United States v. Oloba, No. CR 18-00799-DMG, a money
27 laundering trial scheduled to begin July 16, 2019; (3) United States
28 v. Aloba, No. CR 18-00083-RGK, a fraud trial scheduled to begin July

23, 2019; (4) United States v. Arroyave, No. CR 18-00501-AB, a drug conspiracy trial scheduled to begin July 23, 2019; (5) United States v. Scimeca, No. CR 16-00076-JVS, a multi-defendant mail fraud trial scheduled to begin October 22, 2019; (6) United States v. Ayala, No. CR 18-00173-GW, a RICO conspiracy trial scheduled to begin October 29, 2019; and (7) United States v. Paz, No. CR 19-00055-FMO, a multi-defendant RICO trial scheduled to begin November 19, 2019. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.   The government does not object to the continuance.

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

3

part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of July 30, 2019, to December 10, 2019, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Further, the parties have agreed to the following briefing schedule for any pretrial motions: (1) any motions shall be filed by September 20, 2019; (2) any oppositions shall be filed by October 4, 2019; and (3) any replies shall be filed by October 11, 2019. The parties respectfully request that the Court set a motion hearing on November 4, 2019, or another date that same week as convenient for the Court.

//
//

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 14, 2019              Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                       /s/
                                 _____
                                 KEVIN REIDY
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

I am BENJAMIN MEIR's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 10, 2019, is an informed and voluntary one.

_____   Date  5/13/19
SHAUN KHOJAYAN
Attorney for Defendant
BENJAMIN MEIR

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 10, 2019.

_____        Date  5/13/19
BENJAMIN MEIR
Defendant