NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KEVIN REIDY (Cal. Bar No. 320583)
Assistant United States Attorney
General Crimes Section
     1000 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8536
     Facsimile: (213) 894-0141
     E-mail:    Kevin.Reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00170-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT BENJAMIN MEIR |
| v. | |
| BENJAMIN MEIR, | Hearing Date: January 27, 2020<br>Hearing Time: 9:00 a.m. |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin Reidy, hereby files its Sentencing Position Regarding Defendant Benjamin Meir.

///

///

This position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and such further evidence and argument as the Court may permit.

Dated: January 8, 2020                  Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


          /s/
KEVIN B. REIDY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Benjamin Meir ("defendant"), a drug dealer found with a distribution quantity of ketamine in his bedroom, stands convicted of possession with intent to distribute ketamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E).

The United States Pre-Trial Services and Probation Office ("USPO") has filed its Presentence Investigation Report ("PSR"), determining a total offense level of 21 and placing defendant in criminal history category III.  The government agrees with the PSR's criminal history calculation but respectfully disagrees as to the offense level calculation.  Based on the plea agreement, the government believes that the appropriate total offense level is 4.

Based on the sentencing factors set forth in 18 U.S.C. § 3553(a) and consistent with the plea agreement in this case, the government recommends that the Court impose a sentence of 5 years' probation – the low-end of the resulting Guidelines range – and a mandatory special assessment of $100.

**II.   STATEMENT OF FACTS**

  **A.   Defendant's Offense Conduct**

On March 11, 2019, in Los Angeles County, defendant knowingly possessed approximately 31 grams of ketamine on a digital scale with the intent to distribute it to another person.  (Dkt. 37 ¶ 14.)

  **B.   The PSR and Guidelines Calculation**

On December 18, 2019, the USPO issued its PSR for defendant. (Dkt. 37.)  The USPO calculated defendant's base offense level at 24 under U.S.S.G. §§ 2D1.1(a)(5), (c)(8).  (Id. ¶ 22.)  After a three-level reduction for defendant's acceptance of responsibility under

U.S.S.G. § 3E1.1(a), the USPO determined that the total offense level is 21.  (Id. ¶¶ 30-31.)  The government respectfully disagrees with this calculation.

The USPO further calculated that defendant has a total criminal history score of six, which places him in Criminal History Category III.  (Id. ¶¶ 39-41.)  Based on a total offense level of 21 and a Criminal History Category of III, the USPO calculated defendant's Guidelines range at 46-57 months.  (Id. ¶ 69.)

**III. ARGUMENT**

The government respectfully recommends that the Court abide by the Guidelines calculations set forth in the plea agreement and impose a sentence of 5 years' probation and a special assessment of $100.

A sentence at the low-end of the parties' agreed-upon range is appropriate here.  Although defendant has some criminal history, it appears that his criminal activity stemmed from his problems with drug addiction.  (Id. ¶¶ 35-37, 53-56.)  The same appears to be true for defendant's offense of conviction.  (Id. ¶¶ 53-56.)

The government firmly believes that a five-year term of probationary supervision adequately reflects the seriousness of defendant's conduct.  A lengthy term of supervision will also provide defendant with access to resources that will reduce his likelihood of recidivism and ensure that the Court can address any issues that may arise with defendant's pursuit of reintegration into society.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 5 years' probation and a mandatory special assessment of $100.