NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorney
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-8536
Facsimile: (213) 894-0141
E-mail: Kevin.Reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BENJAMIN MEIR,

Defendant.

No. CR 19-00170-CJC

PROPOSED STATEMENT OF SENTENCE

Sentencing Date: Jan. 27, 2020

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin B. Reidy, hereby files its Proposed Statement of Sentence.

//

//

The government will supplement or revise the Proposed Statement of Sentence at the Court's request.

Dated: January 17, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/

KEVIN B. REIDY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

PROPOSED STATEMENT OF SENTENCE

Based upon the parties' stipulations in the plea agreement, as well as the Presentence Report prepared by the United States Probation and Pretrial Services Office in this matter, the Court finds that the information in the record is sufficient for the Court meaningfully to exercise its sentencing authority pursuant to 18 U.S.C. § 3553.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived, as it is found that defendant does not have the ability to pay a fine and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, BENJAMIN MEIR, is hereby placed on probation on the single-count indictment for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and General Order 18-10, excluding Condition 14 in Section I of that Order.
2. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.
3. The defendant shall cooperate in the collection of a DNA sample from the defendant.
4. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at

least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

6. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

7. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

8. The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18

U.S.C. § 1030(e)(1)), cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

Having carefully considered Section 5B1.1(a) of the Guidelines and the accompanying commentary, the Court finds that a term of probation is appropriate in this case for the reasons set forth by the government. The Court further finds that the duration, terms, and conditions of probation ordered herein are reasonably related to the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the need to provide defendant with needed correctional treatment in

the most effective manner, and the need to protect the public from further crimes of the defendant. The Court also finds that the duration, terms, and conditions of probation ordered herein involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above, and are consistent with any pertinent policy statements issued by the Sentencing Commission.

After considering the aggravating and mitigating circumstances discussed by the parties and the Probation Officer, the Court finds the entire sentence as stated to be reasonable and appropriate given consideration of the factors set forth in 18 U.S.C. § 3553, including: under factor (a)(1), the defendant's criminal history; under factor (a)(2)(A), the need for the sentence to promote respect for the laws and sufficiently and justly punish the defendant for this serious offense; under factor (a)(2)(B), the need for the sentence to impress upon defendant and others the seriousness of his offense of anonymous telephone harassment and deter him, specifically, and others, generally, from engaging in similar conduct; under factor (a)(2)(C), the need for the sentence to protect the public from further crimes of the defendant; under (a)(2)(D), the need to provide the defendant with needed correctional treatment in the most effective manner; and under factor (a)(6), the need to avoid unwarranted sentencing disparities with other similarly situated defendants. The Court also considered mitigating factors in this case, particularly defendant's difficult personal circumstances, his struggles with drug addiction, and his guilty plea and the resulting benefits to the government and judicial system, including the efficient use of the resources of

this Court, the United States Probation and Pretrial Services Office, and the government.

Also in its consideration, the Court has evaluated the Sentencing Guidelines as required by 18 U.S.C. § 3553(a)(4), and finds the calculations of the suggested sentence therein for this defendant under the present circumstances to be reasonable.

The Court will therefore sentence defendant as previously stated, which is accordance with the plea agreement entered into by the parties.

It is so ordered.